IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| VERNESTER TARVER and JERRY ) <br> TARVER, SR., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> TRACY R. GARIBAY; et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 3:15cv376-MHT <br> (WO) |

OPINION AND ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. ... The burden of the removing party is a 'heavy one.'" Crowe

v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

The court agrees with plaintiffs that this case should be remanded to state court because there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand (doc. no. 6) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

It is further ORDERED that any and all other pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 27th day of January, 2016.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**